FRANK A. O'CONNOR AND THE FIRST NATIONAL BANK OF WEST ORANGE, A CORPORATION, PLAINTIFFS-APPELLANTS, v. FRANK BRISCOE, DEFENDANT-RESPONDENT.

Argued October 25, 1937—Decided January 26, 1938

For the plaintiffs-appellants, *Israel B. Greene.*

For the defendant-respondent, *Benjamin Newman* and *Leber & Ruback.*

The opinion of the court was delivered by

CASE, J. Judgment was signed and entered in the Essex County Circuit Court June 26th, 1936. The appeal was filed June 24th, 1937. The action was to recover a deficiency remaining on a bond and mortgage indebtedness after crediting the proceeds of sale under foreclosure of the mortgage in Chancery.

The action was within the purview of chapter 170, *Pamph. L.* 1880, as amended by chapter 147, *Pamph. L.* 1881; 3 *Comp. Stat., p.* 3420, and further amended by chapter 82, *Pamph. L.* 1933. Section 3 of the statute provides that "if after the foreclosure and sale of any mortgaged premises the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery shall open the foreclosure and sale of said premises, and the person against whom the judgment has been recovered may redeem the property by paying the full amount of money for which the decree was rendered, with interest to be computed from the date of said decree and all costs of proceedings on the bond; * * *." The 1933 amendment did not change that language from its earlier reading. Section 2 of the act respecting writs of error (Rev. 1877, page 373, as amended by chapter 99, *Pamph. L.* 1909; 2 *Comp. Stat., p.* 2208), provides that "no writ of error shall be brought or allowed on any judgment that shall have been or hereafter may be entered or obtained, unless the same shall be brought and allowed within six months after the judgment rendered in actions affecting the possession of or title to lands, or within one year in other cases * * *."

Defendant moves to dismiss plaintiffs' appeal upon the ground that it was subject to the six months' limitation and was not brought within that period. The question presented on this issue is whether or not the action is one affecting the possession of or title to lands, for if the action is within that classification, then clearly the appeal was out of time. It becomes evident, when we consider the statute first above quoted, that the action does affect the title to lands and may affect the possession of lands; it could hardly be otherwise

since recovery under the action opens the "foreclosure and sale." Still more does that become evident when we reflect upon the provisions of chapter 231, *Pamph. L.* 1907; 3 *Comp. Stat., p.* 3423, *plac.* 51, a supplement to the 1880 statute, *supra,* that "no judgment shall be entered by confession on any bond where a mortgage has or may hereafter be given for the same debt or in any action on said bond unless prior to the entry of such judgment, if the same shall be by confession, or prior to the beginning of such action, if the proceeding be by action, there shall be filed in the office of the clerk of Common Pleas, except in counties where there is a register of deeds and mortgages, then in the office of the register of deeds and mortgages of the county in which the lands described in the mortgage given with such bonds are situate, a written notice of the proposed judgment or action setting forth the court in which it is proposed to enter such judgment or begin such action, the names of the parties to such bond and to such judgment or action, the book and page of the record of the said mortgage, together with a description of the lands or real estate described therein."

The appellants, as plaintiffs in the suit, filed notice of the proposed action in the office of the register of deeds and mortgages of the county of Essex, wherein the premises are situate, prior to the institution of the suit. The reason for the filing of the notice is that those who have occasion to search the title to the property in question may have notice that proceedings are to be instituted or have been instituted which may result in a change in the ownership. This court, in *Neu* v. *Rogge,* 88 *N. J. L.* 335, took that view when, speaking through Mr. Justice Kalisch, it said:

"The clear legislative intent was, by a public record, to make *secure the title* to a purchaser of mortgaged lands which had been foreclosed and failed to realize, on sale thereof, the amount secured by the bond and mortgage, and which were subject to redemption by the person within six months after the entry of judgment against him for the deficiency on the bond. * * * Such a situation made the titles to mortgaged lands purchased under foreclosure sales uncertain and pre-

carious. For under the act of 1880 there was nothing to prevent an action from being commenced and a judgment entered in any one of the counties of this state or in a foreign jurisdiction and hence a prospective purchaser might find nothing on record affecting the property in the county where it is situate, and thus such purchaser, though he exercised the greatest diligence and caution, might be led into the purchase of a defeasible title. And this is the main evil which the act of 1907 intended to remedy. * * * The legislature expressly forbids the entry of a judgment, in a case like the present, unless a *lis pendens* was filed prior to the bringing of the action. The statute is mandatory in this respect. As has been pointed out, it declares a public policy for the conservation and protection of the public records relating to the title to lands. It is obvious that any departure from the requirement of the statute that a *lis pendens* shall be filed prior to the beginning of an action, will tend to defeat the very object of the act."

This court thought so seriously of that very aspect that it reversed the Supreme Court which had allowed a plaintiff to file the statutory notice *nunc pro tunc* after he had begun his action. The opinion expressed the view that, without the filing of the *lis pendens,* a purchaser might be led into the purchase of a defeasible title because otherwise there would be nothing on the record "affecting the property." An action which has as an incident the voiding of or the making voidable a title surely affects that title.

We find that the action did affect the possession of or title to lands and that the taking of an appeal from the judgment therein was therefore limited to a period of six months after the judgment was rendered. The appeal was out of time and should be dismissed. That will be the order.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.